IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN THOMPSON, JR. and GLENN THOMPSON, SR.,<br><br>Plaintiffs,<br><br>vs.<br><br>ON-SITE MANAGER, INC.<br><br>Defendant. | No.<br><br>COMPLAINT FOR FAIR CREDIT REPORTING ACT VIOLATIONS |

**Part 1: Introduction & Factual Overview**

1.1. Plaintiffs Glenn Patrick Thompson, Jr., and Glen Patrick Thompson, Sr., are father & son.  They are currently homeless.

1.2. In June 2015, the plaintiffs applied for rental housing at a property called "The Lodge" in King County, Washington.  To consider their application, The Lodge purchased tenant screening reports about the plaintiffs from Defendant On-Site Manager, Inc., a consumer reporting agency, using application fees The Lodge collected from the plaintiffs.

1.3. To prepare the reports, On-Site conducted a computer search of landlord-tenant court records, and located an unlawful detainer action, King County Superior Court No. 11-2-10377-3,

COMPLAINT FOR FCRA VIOLATIONS - 1

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

which had been filed against a "Patricia Ann Thompson" pertaining to disputed premises at 2917 – 12th Ave S., Seattle, WA 98144. On-Site reported this record on both plaintiffs' tenant-screening reports as being related to both plaintiffs, and included this record in calculating the Plaintiffs' "rental scores." On-Site recommended to The Lodge that their rental application be denied, either wholly or in part because of this unlawful detainer record (and the low rental score that the unlawful detainer record produced).

1.4. Rental housing providers that use On-Site tenant screening typically defer to the recommendations and rental scores they receive from On-Site. Likely for this reason, the plaintiffs' application to The Lodge was denied. Their application fees were forfeited and they were not offered a tenancy.

1.5. Neither Glenn Thompson, Jr., nor Glenn Thompson, Sr., knows a Patricia Ann Thompson, and neither ever lived at the 2917 – 12th Ave S. property. The unlawful detainer record does not belong to them. On information and belief, On-Site improperly matched that record to the plaintiffs based on similarities in their names.

1.6. After being denied admission to The Lodge, the plaintiffs contacted On-Site by telephone to inquire about the reason their rental application was denied, and were told about the King County Superior Court No. 11-2-10377-3 unlawful detainer suit. The plaintiffs told On-Site that record did not belong to them, and the On-Site representative agreed orally to remove the record from their reports.

1.7. It is unknown whether On-Site ever deleted the unlawful detainer records, but the plaintiffs did not hear from On-Site again thereafter.

1.8. Since the plaintiffs were not admitted to rental housing at The Lodge, they continued searching for rental housing. In July 2015, the Plaintiffs applied to Club Palisades Apartments,

COMPLAINT FOR FCRA VIOLATIONS - 2

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

also in King County, Washington.

1.9. Club Palisades also uses On-Site Manager for tenant-screening. As The Lodge had done, Club Palisades purchased tenant screening reports about the plaintiffs from On-Site, for use in considering their application. Again, these reports were paid for by application fees The Lodge collected from the plaintiffs.

1.10. As with the June reports, the reports On-Site transmitted to Club Palisades also listed the King County Superior Court No. 11-2-10377-3 unlawful detainer action as belonging to the plaintiffs. Club Palisades denied the plaintiffs' application based on the resulting low rental scores and negative recommendation. Again, the plaintiffs' application fees were forfeited and they were not offered a tenancy.

1.11. After the second denial occurred, the plaintiffs sought legal assistance with this matter. With the assistance of counsel, the plaintiffs transmitted a written dispute to On-Site regarding the unlawful detainer record. The plaintiffs asked On-Site to delete the record from their reports and notify Club Palisades of the corrections.

1.12. The Fair Credit Reporting Act requires consumer reporting agencies to reinvestigate consumer disputes within thirty days and notify consumers of the results within five business days thereafter. See 15 U.S.C. § 1681i; see also RCW 19.182.090. More than this allowed time has passed and On-Site made no response to the Plaintiffs' disputes.

1.13. Therefore, the plaintiffs now bring this action seeking (i) orders commanding On-Site to comply with its duties to reinvestigate and correct the plaintiffs' screening reports and to report corrections to Club Palisades, and (ii) all damages to which they are entitled, costs of suit and reasonable attorney fees.

COMPLAINT FOR FCRA VIOLATIONS - 3

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

**Part 2: Parties, Jurisdiction & Venue**

2.1. Plaintiffs Glenn Patrick Thompson, Jr., and Glen Patrick Thompson, Sr., are natural persons who live in King County, Washington, situated in this District.

2.2. Defendant On-Site Manager, Inc, is a California corporation that carries on continuous and systematic business activities in this District, including the tenant-screening activities at issue in this case.

2.3. On-Site is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) and RCW 19.182.010(5), because On-Site, for monetary fees, regularly engages in the practice of assembling and evaluating information about consumers for the purpose of furnishing consumer reports to third parties (especially residential landlords) and uses means and facilities of interstate commerce in preparing and furnishing its reports.

2.4. This Court has subject matter jurisdiction over the plaintiffs' federal Fair Credit Reporting Act claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the plaintiffs' state Fair Credit Reporting Act claims under 28 U.S.C. § 1367, as those claims arise from a common nucleus of operative facts.

2.5. Venue is appropriate in this District because the substantial events giving rise to this action took place in this District. See 28 U.S.C. § 1391(b).

**Part 4. Claims/Causes of Action**

**A. Failure to follow reasonable procedures in preparing consumer reports**

4.A.1. Defendant On-Site Manager falsely reported to The Lodge that the plaintiffs had been sued for unlawful detainer in 2011 and that a judgment had been entered against them. This improper report caused or substantially contributed to the denial of the plaintiffs' rental application at The Lodge.

COMPLAINT FOR FCRA VIOLATIONS - 4

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

4.A.2. On-Site Manager made those inaccurate reports because, in violation of the federal and Washington Fair Credit Reporting Acts, On-Site failed to establish or follow reasonable procedures to avoid improperly attributing unlawful detainer case records to rental applicants. See 15 U.S.C. § 1681e(b) (requiring a consumer reporting agency, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."); see RCW 19.182.060(2) (same).

4.A.3. On-Site again failed to follow reasonable procedures to assure the maximum possible accuracy of the consumer reports it prepared about the plaintiffs and sent to Club Palisades in July 2015.  This again resulted in On-Site falsely reporting to a residential landlord, Club Palisades, that the plaintiffs had been sued for unlawful detainer in 2011 and had a judgment entered against them.  This improper report caused or substantially contributed to the denial of the plaintiffs' rental application at Club Palisades.

4.A.4. On-Site's failure to follow reasonable procedures to avoid mismatching unlawful detainer records to applicants with similar names as the actual defendants was willful.  If not willful, it was at least negligent.

4.A.5. On-Site's improper credit reporting activities occur within the scope of trade or commerce and affect the public interest because On-Site is a large national company that makes tenant-screening reports about a great many Washington rental applicants on a daily basis.

**B. Failure to properly reinvestigate and follow up with consumer disputes**

4.B.1. In early June 2015, the plaintiffs disputed the accuracy of information the consumer reports On-Site had made to The Lodge about them—in particular, they denied having been sued for unlawful detainer in King County Superior Court No. 11-2-10377-3 or having

COMPLAINT FOR FCRA VIOLATIONS - 5

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

1  resided at the 2917 – 12th Ave S. property.

2      4.B.2. Despite receiving this dispute, in late July 2015 (i.e., more than thirty days later)

3  On-Site again reported—this time to Club Palisades Apartments—that the King County Superior

4  Court unlawful detainer case, No. 11-2-10377-3, was connected to the plaintiffs.

5      4.B.3. Within 30 days of receiving the plaintiffs' June 2015 dispute, On-Site needed to

6  "conduct a reasonable reinvestigation to determine whether the disputed information [was]

7  inaccurate and record the current status of the disputed information, or delete the item from the

8  file." 15 U.S.C. § 1681i(a)(1); see also RCW 19.182.090(1).

9      4.B.4. It is unknown what actions On-Site took or did not take in response to the June

10  2015 dispute; however, because the King County unlawful detainer case records appeared on the

11  plaintiffs' screening reports again more than 30 days later, three basic possibilities are true:

12      a. Contrary to 15 U.S.C. § 1681i(a)(1) and RCW 19.182.090(1), On-Site did not

13      conduct a reasonable reinvestigation of the disputed unlawful detainer information, and

14      thus unreasonably "verified" that the records belonged to the plaintiffs; or

15      b. Contrary to 15 U.S.C. § 1681i(a)(5) and RCW 19.182.090(5), On-Site failed to

16      verify that the unlawful detainer records belonged to the plaintiffs, yet unlawfully failed

17      to delete the records from their reports; or

18      c. Contrary to 15 U.S.C. § 1681i(a)(5)(C), On-Site did delete the unlawful

19      detainer records from the plaintiffs reports, but failed to follow reasonable procedures to

20      prevent the deleted records from reappearing in the plaintiffs' reports.

21      4.B.5. On-Site also failed to make important disclosures to which the plaintiffs were

22  entitled in connection with their June 2015 dispute, such as notice of the results of the

23  reinvestigation (if any), notice of any changes made to their reports as a result of the dispute and

24

COMPLAINT FOR FCRA VIOLATIONS - 6

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

1  reinvestigation, or notice of their right to have On-Site inform The Lodge about any corrections.
2  See 15 U.S.C. § 1681i(a)(6); see RCW 19.182.090(7-8).

3      4.B.6. If On-Site did delete the unlawful detainer records after the plaintiffs' June 2015
4  dispute, then On-Site failed to give required notice to the plaintiffs before reinserting those
5  records. See 15 U.S.C. § 1681i(a)(5)(B)(ii); see RCW 19.182.090(5)(b)(ii). On-Site also
6  reinserted the records without obtaining certification from the King County Superior Court that
7  the information was complete and accurate. See 15 U.S.C. § 1681i(a)(5)(B)(i); see RCW
8  19.182.090(5)(b)(i).

9      4.B.7. On-Site did not respond to the July 2015 dispute; thus, it is unknown whether On-
10 Site conducted any reinvestigation or deleted any information from the plaintiffs' files within 30
11 days of receiving that dispute. If On-Site did not conduct any reinvestigation, then On-Site
12 violated its basic duty to reinvestigate the disputed information under 15 U.S.C. § 1681i(a)(1)
13 and RCW 19.182.090(1). If On-Site did conduct a reinvestigation, then On-Site violated its
14 obligation to report the results of that reinvestigation and make appropriate disclosures under 15
15 U.S.C. § 1681i(a)(6) and RCW 19.182.090(7-8).

16     4.B.8. On-Site's failures to properly reinvestigate the plaintiffs' consumer disputes, delete
17 or correct improper information, or make required to disclosures to the plaintiffs or relevant
18 third-parties (such as The Lodge or Club Palisades) prevented them from obtaining rental
19 housing at The Lodge or Club Palisades or other properties that use On-Site for tenant-screening.

20     4.B.9. On-Site's improper methods for reinvestigating and following-up with consumer
21 disputes occur within the scope of trade or commerce and affect the public interest because On-
22 Site is a large national company that makes tenant-screening reports about a great many
23 Washington rental applicants on a daily basis.

24

COMPLAINT FOR FCRA VIOLATIONS - 7

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

4.B.10. On-Site's failures to properly reinvestigate the plaintiffs' consumer disputes, delete or correct improper information, or make required to disclosures to the plaintiffs or relevant third-parties (such as The Lodge or Club Palisades) were willful.  If not willful, these violations were at least negligent.

**Part 5. Relief Requested**

5.1. Under RCW 19.182.150 and RCW 19.86.090, the plaintiffs seek:

    a. An order commanding On-Site forthwith to remove all references to King County Superior Court No. 11-2-10377-3 from the plaintiffs' consumer files, and to ensure that item does not reappear in their files;

    b. An order commanding On-Site to cease and desist from violating RCW 19.182.090 by failing to respond to consumer disputes in the manner required by law;

    c. All actual damages they have sustained and continue to sustain;

    d. The statutory damages provided for by RCW 19.182.150 and the maximum amount of treble damages authorized by RCW 19.86.090; and

    e. All costs and reasonable attorney fees.

5.2. 15 U.S.C. §§ 1681n and 1681o, the plaintiffs seek:

    a. All actual damages they have sustained and continue to sustain;

    b. The maximum amount of statutory damages and punitive damages authorized by 15 U.S.C. § 1681n; and

    c. All costs and reasonable attorney fees

5.3. The plaintiffs further requests any and all other relief the court may find appropriate in the interests of justice.

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

Respectfully Submitted this 6th day of October, 2015,

**NORTHWEST JUSTICE PROJECT**

/s/Eric Dunn
By: Eric Dunn (WSBA #36622)
Allyson O'Malley-Jones (WSBA #31868)
Leticia Camacho (WSBA #31341)
Attorney for Plaintiffs

COMPLAINT FOR FCRA VIOLATIONS - 9

**Northwest Justice Project**
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501