1

Hon. Thomas S. Zilly

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT
     FOR THE WESTERN DISTRICT OF WASHINGTON
8                     AT SEATTLE

9
     GLENN THOMPSON, JR., and GLENN           No.   2:15-cv-01596-TSZ
10   THOMPSON, SR.,
                                              DECLARATION OF ERIC DUNN
11                        Plaintiffs,         REGARDING ON-SITE MANAGER'S
                                              MOTION TO COMPEL DISCOVERY
12   vs.

13   ON-SITE MANAGER, INC.,

14                        Defendant.

15        Eric Dunn states that the following is true and correct:

16        1. I am an attorney licensed in Washington and one of the lawyers representing the

17   Plaintiffs, Glenn Thompson Sr. and Glenn Thompson Jr., in this action.  I make this declaration

18   based on my personal knowledge and my review of our files in this matter.

19        2. We produced copies of every known document in our possession having relevance to

20   this action with our mandatory initial disclosures on December 14, 2015.

21        3. We received six sets of written discovery requests from On-Site Manager on March 17,

22   2016.  Among the 127 total questions, included a certain requests for extensive documentation

23   regarding the Thompsons' bank accounts, credit cards, debts, collection accounts, credit scores,

24

DECLARATION OF ERIC DUNN RE OSM MOTION TO COMPEL - 1

**Northwest Justice Project**
401 Second Ave S. Suite 407
Seattle, WA 98104
Tel. (206) 464-1519  Fax (206) 624-7501

child support payments, and so forth. Especially because Thompsons' credit and tenant-screening reports contained summaries of all these accounts, we determined these requests sought information that was substantially irrelevant and would not be worth the time and expense it would take to obtain, organize, and produce. We therefore objected to the requests and did not produce responsive materials to those questions.

4. On a few specific accounts—particularly an AT&T bill and a collection judgment in favor of Ray Klein, Inc., we were able to locate responsive documents and produced them.

5. We produced responses to all of On-Site's discovery requests on April 18, 2016.

6. On May 24, 2016, I received a letter from On-Site's counsel describing various issues with our discovery responses and requesting a conference. I immediately responded and offered to speak with On-Site's counsel the next morning.

7. We began our telephonic discovery conference on May 25. After a prolonged conversation, that call was interrupted by a local power outage. We resumed and completed the call the next day.

8. In the discovery conference, On-Site's counsel expressed dissatisfaction with the manner in which the plaintiffs' documents were organized and labeled. I agreed to review the document production and attempt to more clearly organize and label the documents if possible.

9. Also in the discovery conference, On-Site's counsel stated disagreement with our objections regarding the broad categories of financial records that were requested. I explained that the Thompsons did not have those records and that to produce them, we would first need to obtain the records from various banks, creditors, and other institutions. I did not believe such an undertaking was warranted because I did not perceive the discovery as at all relevant. However, I offered to "double-check" with the Thompsons regarding On-Site's more specific requests for

DECLARATION OF ERIC DUNN RE OSM MOTION TO COMPEL - 2

1  financial records, such as those pertaining to the Ray Klein account, the AT&T bill, and a paid-

2  off child support account.

3       10. Later on May 27, On-Site filed this motion to compel.

4       11. I met with the Thompsons on June 10 to discuss each of the items I'd promised to

5  double-check on.  I also reviewed our files and prior discovery responses.  I then prepared a set

6  of supplemental discovery responses and arranged for those supplemental responses to be served

7  to On-Site's counsel on June 13, 2016.  A copy of those supplemental responses is attached as

8  Exhibit A to this declaration.

9       12. On June 11, I prepared a document subpoena to Ray Klein, Inc., and arranged for it to

10 be served on the appropriate agent on or after June 13. A copy of that subpoena is attached as

11 Exhibit B to this declaration.

12      13. I am of sound mind and have made these statements of my own free will; I am

13 competent to testify and if called as a witness in this matter would state as contained in this

14 declaration.

15

16

17      I declare under penalty of perjury under the laws of the State of Washington and of the
United States that the foregoing is true and correct.

18
   Signed at Seattle, Washington on June //, 2016

19

20  _____

21  Eric Dunn, WSBA #36622

22

23

24

DECLARATION OF ERIC DUNN RE OSM MOTION TO COMPEL - 3

**Exhibit A**



**Northwest Justice Project**

401 Second Ave S, Suite 407
Seattle, WA 98104
Tel. (206) 464-1519
Fax (206) 624-7501

Toll Free 1-888-201-1012
www.nwjustice.org

César E. Torres
Executive Director

June 12, 2016

Jeffrey E. Bilanko
Elizabeth K. Morrison
Gordon & Rees
701 5th Avenue, Suite 2100
Seattle, WA  98104

Re:    *Glenn Thompson, Jr. & Sr. v. On-Site Manager, Inc.,* US Dist. Ct. No. 15-01596

Dear Counsel:

In a discovery conference regarding the above-captioned matter that took place on May 25 (and resumed on May 26 after being disrupted by a power outage), I agreed to follow up with our clients about the following discovery requests:

- Requests for Admission No. 8 and 9 to Glenn Thompson Jr.
- Interrogatory No. 6 to Glenn Thompson Jr.
- Requests for Production No. 5, 16, 17, and 28 to Glenn Thompson Jr.
- Requests for Admission No. 3 and 4 to Glenn Thompson Sr.
- Interrogatory No. 13 to Glenn Thompson Sr.
- Requests for Production No. 16 and 21 to Glenn Thompson Sr.

I also agreed to see if I could improve the way the documents we had previously produced were organized and labeled.  And I agreed to provide information regarding the hours of attorney time we had logged on the case.

I have now followed up with the Thompsons about each of these issues.  Though on most issues the Thompsons did not have any additional information to provide, I have enclosed supplemental responses to some of the questions.  I have also run a report of our recorded attorney time through 11:00 a.m. on June 9, 2016, and have prepared charts to help you determine which of our previously-produced documents relate to each request.  These items are enclosed.  Thank you.

Sincerely,

*EGD*

Eric Dunn
Staff Attorney


THE ALLIANCE
*for Equal Justice*
MEMBER


LSC

Hon. Thomas S. Zilly

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN THOMPSON, JR., and GLENN THOMPSON, SR., | No.  2:15−cv−01596−TSZ |
| Plaintiffs, | DECLARATION OF SERVICE |
| v. | |
| ON-SITE MANAGER, INC. | |
| Defendant. | |

I, Marie Nguyen, certify under penalty of perjury under the laws of the State of Washington that on the 13th day of June, 2016, I caused a copy of the following:

1.   Eric Dunn's cover letter to Jeffrey E. Bilanko and Elizabeth K. Morrison dated June 12, 2016;

2.   Plaintiffs' Supplemental Responses to Defendant's Interrogatories and Requests for Production of Documents; and

3.   This Declaration of Service.

DECLARATION OF SERVICE – 1

1    to be delivered via electronic mailing in .pdf format and U.S. First Class mail, directed to the

2    attention of the following:

3              Jeffrey E. Bilanko
               Elizabeth K. Morrison
4              Gordon & Rees, LLP
               701 Fifth Avenue, Suite 2100
5              Seattle, WA  98104
               jbilanko@gordonrees.com
6              emorrison@gordonrees.com

7    SIGNED at Seattle, Washington, this 13th day of June, 2016.

8                                          NORTHWEST JUSTICE PROJECT

9

10                                         Marie Nguyen
                                           Legal Assistant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF SERVICE – 2

1

2

3

4

5

6

Hon. Thomas S. Zilly

7     IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF WASHINGTON
8                   AT SEATTLE

9

10    GLENN THOMPSON, JR. and GLENN           No.   2:15−cv−01596−TSZ
      THOMPSON, SR.,
11                                            PLAINTIFFS' SUPPLEMENTAL
                    Plaintiffs,               RESPONSES TO DEFENDANT'S
12                                            INTERROGATORIES AND
      vs.                                     REQUESTS FOR PRODUCTION OF
13                                            DOCUMENTS
      ON-SITE MANAGER, INC.,
14
                    Defendant.

15    Plaintiffs, Glenn Thompson, Jr. and Glenn Thompson, Sr., by counsel, present their

16    supplemental responses to Defendant On-Site Manager, Inc.'s written discovery requests:

17    **I.     Supplemental Responses to Defendant's First Set of Interrogatories
             and Requests for Production of Documents to Glenn Thompson, Jr.**
18

19    **INTERROGATORY NO. 13:**         IDENTIFY and DESCRIBE ALL the facts and

20    circumstances YOU believe support YOUR allegation that ON-SITE was willful or "at least

21    negligent" in obtaining information contained in YOUR consumer report, as alleged in

22    Paragraph 4.A.5 of YOUR COMPLAINT.

23    **ANSWER**:

24    **Plaintiff objects to this interrogatory as misstating paragraph 4.A.5 of the**

PLAINTIFFS' SUPPLEMENTAL DISCOVERY RESPONSES- 1

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519 Fax: (206) 624-7501

1    Complaint which specifically states that on-site failed to follow reasonable procedures in
2    preparing consumer reports and that its improper credit reporting activities occur within
     the scope of trade in making tenant-screening reports about Washingtonian rental
     applicants.  Without waiving this objection, plaintiff states as follows:
3             On or around June 2015, my father, Glenn Thompson, Sr, and I applied for rental
     housing at a property called The Lodge, in King County.  We paid screening fees to apply.
4    The Lodge denied our rental application based on tenant screening reports from On-Site
     Manager, Inc.
5             My father called On-Site Manager to inquire about the reason our application to
     "The Lodge" had been turned down.  The On-Site representative told us it was because of
6    an eviction case related to a "Patricia Ann Thompson" and rental premises at 2917 – 12th
     Ave S. in Seattle.  Neither one of us knows who Patricia Ann Thompson is.   We are both
7    male and we have never lived at that address.  We gave the On-Site representative this
     information, and On-Site agreed to delete the eviction records.
8             In July 2015, we applied to Club Palisades Apartments in Federal Way.  We also
     paid screening fees to apply there.
9    Club Palisades also screened our application using On-Site Manager reports.  On-Site
     again reported the Patricia Ann Thompson eviction case from 2917 – 12th Ave S. as though
10   the case belonged to us—despite us having informed on-site that we do not know who
     Patricia Ann Thompson is, have never lived at that address, and both of us are male.  Our
11   application at Club Palisades was denied as well.

12   <u>SUPPLEMENTAL ANSWER</u>:

13            Had on-site manager used reasonable procedures to avoid including the Patricia
     Ann Thompson unlawful detainer case on our screening reports, then that record would
14   not have appeared on our screening reports and we would not have been denied housing
     because of it.  Since the Patricia Ann Thompson unlawful detainer case did appear on our
15   screening reports, On-Site must not have used reasonable procedures to avoid including
     that record on our reports.

16
17            Though we disputed the Patricia Ann Thompson unlawful detainer record after
     being denied admission to The Lodge, and On-Site Manager deleted the record from our
     screening reports at that time, the Patricia Ann Thompson eviction record reappeared on
18   our reports when we applied to Club Palisades.  This would not have happened, had On-
     Site followed reasonable procedures to avoid the reinsertion of erroneous information
19   deleted in response to a consumer dispute.  Because the information reappeared, On-Site
     must not have followed reasonable procedures to prevent such reinsertion.

20
21            We disputed the Patricia Ann Thompson unlawful detainer record again, after
     being denied admission to Club Palisades.  But On-Site did not respond to our consumer
22   dispute.  Disregarding consumer disputes is not a reasonable procedure for ensuring the
     accuracy of information in consumer reports.

23
                              <u>REQUESTS FOR PRODUCTION</u>
24

Plaintiffs' Supplemental Discovery Responses- 2                    **Northwest Justice Project**
                                                                  401 Second Avenue S, Suite 407
                                                                  Seattle, Washington 98104
                                                                  Phone: (206) 464-1519  Fax: (206) 624-7501

1

2

<u>SUPPLEMENTAL RESPONSE:</u>

Defendant's counsel has reported dissatisfaction with the way that the documents plaintiffs
previously produced were organized and labeled.  Though plaintiffs' counsel feels the
documents were adequately organized and labeled in their original discovery responses, the
plaintiffs provide the following chart which explains in greater detail which previously-
produced documents were responsive to which specific requests:

Previously-produced documents (Please note that duplicative items and references to On-
Site documents are omitted):

PDF No. I
1.      Rental Report for Glenn P. Thompson Sr. (Club Palisades) with UD record
2.      Club Palisades Deposit & Rent Status
3.      The Lodge Floorplan
4.      FTC summary of FCRA rights
5.      Washington summary of FCRA rights

PDF No. II
6.      Money Orders for Ventana Apts.
7.      King County Housing Authority Rent Calculation
8.      KCHA Housing Quality Standards Checklist
9.      HUD Section 8 Tenancy Addendum

PDF No. III
10.     Greystar Leasing Summary
11.     Fax & Letter to On-Site Manager, Inc. (Aug. 18, 2015)
12.     The Lodge Denial Notice (Sr.)
13.     The Lodge Denial Notice (Jr.)
14.     Club Palisades Denial Notice (Sr.)
15.     Club Palisades Denial Notice (Jr.)
16.     Social Security Benefit Statement (Sr.)
17.     Pay Stub 5/22/2015 (Jr.)
18.     Pay Stub 6/5/2015 (Jr.)
19.     On-Site Leasing Summary
20.     Rental Report for Glenn P. Thompson, Jr. (Club Palisades) w/o UD record
21.     Rental Report for Glenn P. Thompson, Sr. (Club Palisades) w/o UD record
22.     Rental Report for Glenn P. Thompson, Jr. (The Lodge) w/o UD record
23.     The Lodge Denial Notice (Sr.) – Nov. 6, 2015
24.     Rental Report for Glenn Thompson, Sr. (The Lodge) w/o UD record
25.     The Lodge Denial Notice (Sr.) – Nov. 6, 2015

PDF No. V
26.     Bank of America Transaction History

PLAINTIFFS' SUPPLEMENTAL DISCOVERY RESPONSES- 3

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

| Request No. | Responsive Documents |
| --- | --- |
| 1 | N/A |
| 2 | N/A |
| 3 | N/A |
| 4 | 11 |
| 5 | N/A |
| 6 | 1-5, 10-15, 19-25 |
| 7 | 2 |
| 8 | N/A |
| 9 | 1-2, 14-15, 19-21 |
| 10 | 3, 10, 12-13, 22-25 |
| 11 | 1, 10, 19 |
| 12 | 1, 10-15, 19-25 |
| 13 | N/A |
| 14 | 1-2, 6-15, 19-26 |
| 15 | See Supplemental Response to Request for Production No. 15 |
| 16 | N/A |
| 17 | 2, 17-18 |
| 18 | N/A |
| 19 | N/A |
| 20 | 11 |
| 21 | 1-2, 10, 12-15, 19-25 |
| 22 | 1, 10, 12-15, 19-25 |
| 23 | 1, 10, 12-15, 19-25 |
| 24 | 1, 10, 12-15, 19-25 |
| 25 | 1, 10-15, 19-25 |
| 26 | 1, 10-15, 19-25 |
| 27 | 1, 10-11, 19-22, 24 |
| 28 | 1-3, 6, 10-15, 19-25 |

**REQUEST FOR PRODUCTION NO. 5:**  Produce ALL DOCUMENTS RELATED TO or used in preparing YOUR response to Interrogatory No. 5 including, but not limited to: ALL pleadings, notices, writs, judgments, deeds, or other documentation RELATED TO ALL judgments, liens or garnishments.

**ANSWER:**

**Plaintiff objects to this request as unduly burdensome and unlikely to lead to the discovery of admissible evidence.  Without waving this objection see response to Request for Production No. 5.**

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

**SUPPLEMENTAL ANSWER:**

Without waving the objections stated above, Mr. Thompson Jr. states that he has no other documents responsive to this request.  The prior reference was to the document produced in PDF No. V (the Bank of America Transaction History listed as #26 above), related to Mr. Thompson Sr.

**REQUEST FOR PRODUCTION NO. 15:**  Produce ALL copies of YOUR attorney bills

RELATED TO this lawsuit.

**ANSWER:**

I am represented by the Northwest Justice Project, which provides free legal assistance to low-income Washingtonians.  That does not mean, however, that the court cannot grant me attorney fees and costs in this litigation.

**SUPPLEMENTAL ANSWER:**

A spreadsheet reflecting raw attorney hours recorded in this matter through 11:00 a.m. on June 9, 2016, is attached.  Records containing further details regarding the entries thereon are available and recorded in Northwest Justice Project's case management software, but are withheld as protected by attorney-client privilege and work-product doctrine.

**REQUEST FOR PRODUCTION NO. 17:**          Produce ALL DOCUMENTS RELATED

TO YOUR income between January 1, 2015 and August 1, 2015.

**ANSWER:**

Plaintiff objects to this request as unduly burdensome and unlikely to lead to the discovery of admissible evidence.  Without waving this objection, see attached documents listed as VII.

**SUPPLEMENTAL ANSWER:**

Mr. Thompson Jr. reports that he was making about the same income as was reflected in the pay stubs he provided through August 2015.  He does not have any other pay records from 2015.  Mr. Thompson Jr. did file a federal tax return for 2015, but did not retain a copy of the return.

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

## II.    Supplemental Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents to Glenn Thompson, Sr.

### REQUESTS FOR PRODUCTION

**SUPPLEMENTAL RESPONSE**:

Defendant's counsel has reported dissatisfaction with the way that the documents plaintiffs previously produced were organized and labeled.  Though plaintiffs' counsel feels the documents were adequately organized and labeled in their original discovery responses, the plaintiffs provide the following chart which explains in greater detail which previously-produced documents were responsive to which specific requests:

Previously-produced documents (Please note that duplicative items and references to On-Site documents are omitted):

**PDF No. I**
1. Rental Report for Glenn P. Thompson Sr. (Club Palisades) with UD record
2. Club Palisades Deposit & Rent Status
3. The Lodge Floorplan
4. FTC summary of FCRA rights
5. Washington summary of FCRA rights

**PDF No. II**
6. Money Orders for Ventana Apts.
7. King County Housing Authority Rent Calculation
8. KCHA Housing Quality Standards Checklist
9. HUD Section 8 Tenancy Addendum

**PDF No. III**
10. Greystar Leasing Summary
11. Fax & Letter to On-Site Manager, Inc. (Aug. 18, 2015)
12. The Lodge Denial Notice (Sr.)
13. The Lodge Denial Notice (Jr.)
14. Club Palisades Denial Notice (Sr.)
15. Club Palisades Denial Notice (Jr.)
16. Social Security Benefit Statement (Sr.)
17. Pay Stub 5/22/2015 (Jr.)
18. Pay Stub 6/5/2015 (Jr.)
19. On-Site Leasing Summary
20. Rental Report for Glenn P. Thompson, Jr. (Club Palisades) w/o UD record
21. Rental Report for Glenn P. Thompson, Sr. (Club Palisades) w/o UD record
22. Rental Report for Glenn P. Thompson, Jr. (The Lodge) w/o UD record
23. The Lodge Denial Notice (Sr.) – Nov. 6, 2015
24. Rental Report for Glenn Thompson, Sr. (The Lodge) w/o UD record
25. The Lodge Denial Notice (Sr.) – Nov. 6, 2015

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

PDF No. V

26.     **Bank of America Transaction History**

| Request No. | Responsive Documents |
|---|---|
| 1 | 26 |
| 2 | N/A |
| 3 | N/A |
| 4 | N/A |
| 5 | N/A |
| 6 | 1-25 |
| 7 | 6-9 |
| 8 | N/A |
| 9 | 1-25, |
| 10 | 3, 12-13, 22-25 |
| 11 | 1, 4-5, 10-15, 19-25 |
| 12 | 1, 10-15, 19-25 |
| 13 | N/A |
| 14 | 1-2, 6-15, 19-26 |
| 15 | See Supplemental Response to Request for Production No. 15 |
| 16 | 26 |
| 17 | 7, 16 |
| 18 | N/A |
| 19 | N/A |
| 20 | 26 |
| 21 | N/A |
| 22 | N/A |
| 23 | 1-2, 10, 12-15, 19-25 |
| 24 | 1, 10, 12-15, 19-25 |
| 25 | 1, 10, 12-15, 19-25 |
| 26 | 1, 10, 12-15, 19-25 |
| 27 | 1, 10-15, 19-25 |
| 28 | 1, 10-15, 19-25 |
| 29 | 1, 10-11, 19-22, 24 |
| 30 | 1-3, 6, 10-15, 19-25 |

**REQUEST FOR PRODUCTION NO. 21**:         Produce    **ALL    DOCUMENTS**

**RELATED TO YOUR** account with DSHS/DCS Olympia for Family Support.

**ANSWER**:

**Plaintiff objects to this request as unduly burdensome and unlikely to lead to the discovery of admissible evidence.**

PLAINTIFFS' SUPPLEMENTAL DISCOVERY RESPONSES- 7

<u>**SUPPLEMENTAL ANSWER:**</u>

**Without waiving the foregoing objection, Mr. Thompson Sr. states that he does not have any documents responsive to this request.  However, he does not object to the release of records from his family support account by DSHS/DCS.  Mr. Thompson Sr. would execute a proper release-of-information form for this purpose if necessary.**

Presented this *12* day of June, 2016,

**NORTHWEST JUSTICE PROJECT**

By: Eric Dunn (WSBA #36622)
Leticia Camacho (WSBA #31341)
Attorneys for Plaintiffs

Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, Washington 98104
Phone: (206) 464-1519  Fax: (206) 624-7501

Supplemental Response to Request for Production No. 15

| Date of Service | Time Spent | Caseworker | Activity Code | 1975/4 (1975/4) |
|---|---|---|---|---|
| 06/09/2016 | 0.3 | Eric Dunn | Discovery Conference | Discovery conference |
| 06/08/2016 | 0.4 | Eric Dunn | Case Analysis & Planning | Prep for discovery call |
| 06/08/2016 | 1.5 | Eric Dunn | Pleadings/Briefs | revising discovery motion response |
| 06/07/2016 | 5.3 | Leticia Camacho | Other Discovery | Prep for Depositions |
| 06/06/2016 | 2 | Leticia Camacho | Other Discovery | Prep for Depositions |
| 06/06/2016 | 2.6 | Leticia Camacho | Legal Research | Re Deposition issues |
| 06/02/2016 | 0.8 | Eric Dunn | Reviewing Discovery | Reviewing discovery responses |
| 06/02/2016 | 0.7 | Eric Dunn | Legal Research | Research on new Rule 26 standards |
| 06/02/2016 | 4.1 | Eric Dunn | Pleadings/Briefs | Writing response to motion to compel |
| 06/02/2016 | 0.1 | Leticia Camacho | Opposing Party/Counsel | E-mail correspondence |
| 06/02/2016 | 0.3 | Leticia Camacho | Opposing Party/Counsel | Reviewing motion to compel (OSM's) |
| 06/02/2016 | 4.5 | Eric Dunn | Pleadings/Briefs | Drafting response to motion to compel |
| 06/02/2016 | 0.5 | Leticia Camacho | Consultation | Discuss case w/ EGD |
| 06/01/2016 | 7 | Leticia Camacho | Other Discovery | Prep for Deposition |
| 05/31/2016 | 3.1 | Leticia Camacho | Other Discovery | Prep for upcoming depositions |
| 05/31/2016 | 0.5 | Leticia Camacho | Interrogatories (drafting/responding) | Final edits to second set of discovery |
| 05/30/2016 | 3.5 | Leticia Camacho | Interrogatories (drafting/responding) | Second set of ROGS & RFPS |
| 05/27/2016 | 0.4 | Eric Dunn | Case Management | Organizing electronic files |
| 05/27/2016 | 2.5 | Eric Dunn | Reviewing Discovery | Reviewed documents from OSM |
| 05/27/2016 | 0.2 | Eric Dunn | Case Management | Touched base with LC on planning for discovery |
| 05/27/2016 | 1 | Leticia Camacho | Other Discovery | Discovery, followup |
| 05/27/2016 | 0.3 | Leticia Camacho | Consultation | Discovery, followup |
| 05/27/2016 | 0.2 | Leticia Camacho | Client | Discuss case w/ EGD |
| 05/26/2016 | 0.1 | Eric Dunn | Case Analysis & Planning | Speak with Clients |
| 05/26/2016 | 1.5 | Eric Dunn | Pleadings/Briefs | Note to LC |
| 05/26/2016 | 0.5 | Eric Dunn | Discovery Conference | Edits to motion to compel |
| 05/26/2016 | 0.5 | Leticia Camacho | Pleadings/Briefs | Completed discovery call |
| 05/26/2016 | 1.3 | Eric Dunn | Pleadings/Briefs | Finalize motion and related pleadings and have it filed. |
| 05/25/2016 | 2.2 | Leticia Camacho | Discovery Conference | Discovery call with E Morrison |
| 05/25/2016 | 2.7 | Leticia Camacho | Pleadings/Briefs | Motion to Compel and related pleadings |
| 05/25/2016 | 0.1 | Leticia Camacho | Consultation | Discuss case management |
| 05/24/2016 | 5 | Leticia Camacho | Pleadings/Briefs | Discovery motion and related pleadings |
| 05/17/2016 | 0.4 | Eric Dunn | Case Analysis & Planning | Reviewed & commented on dep notice draft |
| 05/17/2016 | 0.5 | Leticia Camacho | Other Correspondence | Correspondence, follow-up |
| 05/17/2016 | 1 | Leticia Camacho | Other Discovery | Deposition issue, follow-up |
| 05/16/2016 | 1 | Leticia Camacho | Discovery Motions | Motion to Compel |
| 05/16/2016 | 0.1 | Leticia Camacho | Opposing Party/Counsel | E-mail correspondence |
| 05/09/2016 | 5.9 | Leticia Camacho | Reviewing Discovery | Reviewing discovery and finalizing depositions |
| 05/09/2016 | 0.1 | Leticia Camacho | Opposing Party/Counsel | E-mail |
| 05/09/2016 | 0.3 | Leticia Camacho | Consultation | Discuss case w/ EGD |
| 04/18/2016 | 1.9 | Leticia Camacho | Request for Production (drafting/responding) | Finalize discovery responses |
| 04/17/2016 | 4 | Leticia Camacho | Request for Production (drafting/responding) | RPC's |
| 04/15/2016 | 1.2 | Leticia Camacho | Request for Production (drafting/responding) | Discovery |
| 04/15/2016 | 3 | Leticia Camacho | Client | Meet w/ clients re discovery |
| 04/14/2016 | 0.1 | Leticia Camacho | Client | LM in both phones |
| 04/11/2016 | 3.1 | Leticia Camacho | Interrogatories (drafting/responding) | Responses to ROGS & RFPS |
| 04/11/2016 | 3 | Leticia Camacho | Client | Meet w/ Mr. Thompson, Sr. |
| 04/08/2016 | 0.1 | Leticia Camacho | Client | LM for CL |
| 04/08/2016 | 4 | Leticia Camacho | Interrogatories (drafting/responding) | Responses to ROGS & RFPs |
| 04/07/2016 | 0.3 | Eric Dunn | Case Analysis & Planning | Consult with LC |
| 04/06/2016 | 9 | Leticia Camacho | Interrogatories (drafting/responding) | Responses to ROGS & RFP's |

| Date | Hours | Name | Category | Description |
|---|---|---|---|---|
| 04/05/2016 | 7 | Leticia Camacho | Interrogatories (drafting/responding) | Responses to ROGS & RFP's |
| 04/04/2016 | 0.2 | Eric Dunn | Case Analysis & Planning | Emails with LC |
| 04/04/2016 | 3.3 | Leticia Camacho | Client | Meet w/ clients |
| 04/01/2016 | 7 | Leticia Camacho | Interrogatories (drafting/responding) | Responding to ROGS, RFP's, Requests for Admission |
| 03/29/2016 | 4 | Leticia Camacho | Interrogatories (drafting/responding) | Responding to discovery |
| 03/28/2016 | 1.5 | Leticia Camacho | Interrogatories (drafting/responding) | Responses to discovery |
| 03/23/2016 | 0.5 | Leticia Camacho | Opposing Party/Counsel | Discovery conference, follow-up |
| 03/22/2016 | 0.5 | Eric Dunn | Discovery Conference | Discovery call |
| 03/22/2016 | 0.5 | Leticia Camacho | Consultation | Meet w/ Eric |
| 03/22/2016 | 0.1 | Leticia Camacho | Other | Call OC during discovery conference. |
| 03/22/2016 | 1 | Leticia Camacho | Reviewing Discovery | Discovery |
| 03/21/2016 | 0.6 | Eric Dunn | Reviewing Discovery | Reviewed docs produced by On-Site |
| 03/21/2016 | 0.1 | Leticia Camacho | Opposing Party/Counsel | E-mail re discovery conference |
| 03/17/2016 | 0.2 | Leticia Camacho | Other Meeting | Discuss case w/ EGD |
| 03/16/2016 | 0.1 | Leticia Camacho | Opposing Party/Counsel | E-mail correspondence |
| 03/10/2016 | 0.5 | Leticia Camacho | Opposing Party/Counsel | Correspondence re discovery |
| 03/09/2016 | 2 | Leticia Camacho | Reviewing Discovery | Reviews answers to discovery |
| 03/02/2016 | 0.5 | Leticia Camacho | Consultation | Discuss discovery with EGD |
| 03/02/2016 | 0.5 | Leticia Camacho | Reviewing Discovery | Review responses to discovery |
| 02/25/2016 | 0.2 | Leticia Camacho | Pleadings/Briefs | Finalize and have Agreed Motion filed in court |
| 02/24/2016 | 0.3 | Eric Dunn | Opposing Party/Counsel | Reviewed protection order draft |
| 02/04/2016 | 0.1 | Leticia Camacho | Pleadings/Briefs | Review latest draft from OC for Agreed Motion |
| 02/12/2016 | 1 | Leticia Camacho | Other Discovery | Issue of Model Protective Order |
| 02/05/2016 | 0.1 | Eric Dunn | Opposing Party/Counsel | TC from Bilanko |
| 02/04/2016 | 0.6 | Eric Dunn | Interrogatories (drafting/responding) | Reviewing & editing discovery requests |
| 01/25/2016 | 1 | Leticia Camacho | Interrogatories (drafting/responding) | Final Edits |
| 01/23/2016 | 4.6 | Leticia Camacho | Interrogatories (drafting/responding) | Draft ROGS and RFPs |
| 01/22/2016 | 0.3 | Eric Dunn | Reviewing Discovery | Reviewing initial disclosures |
| 01/22/2016 | 3.8 | Leticia Camacho | Case Analysis & Planning | Case analysis and planning |
| 12/09/2015 | 0.1 | Eric Dunn | Case Management | Arranging for filing of JSR&DP |
| 12/09/2015 | 0.5 | Eric Dunn | Pleadings/Briefs | Working on CS&DP |
| 11/20/2015 | 0.1 | Eric Dunn | Opposing Party/Counsel | Sent amended JSR&DP to Fain |
| 11/20/2015 | 1 | Eric Dunn | Discovery Conference | Rule 26 call |
| 11/20/2015 | 0.7 | Eric Dunn | Discovery Conference | Rule 26(f) conference |
| 11/19/2015 | 0.1 | Eric Dunn | Opposing Party/Counsel | Forwarded JSR&DP to Fain |
| 11/19/2015 | 1.5 | Eric Dunn | Pleadings/Briefs | Preparing JSR&DP |
| 11/13/2015 | 0.2 | Eric Dunn | Opposing Party/Counsel | Sent docs to Fain |
| 11/06/2015 | 0.4 | Eric Dunn | Opposing Party/Counsel | E-mail to Fain |
| 10/14/2015 | 0.1 | Eric Dunn | Case Management | Note re service |
| 10/13/2015 | 0.3 | Eric Dunn | Case Management | Preparing service instructions |
| 10/08/2015 | 0.1 | Eric Dunn | Case Management | e-filed praecipe |
| 10/08/2015 | 0.3 | Eric Dunn | Pleadings/Briefs | Prepared subpoenas & praecipe |
| 10/06/2015 | 0.4 | Eric Dunn | Pleadings/Briefs | Prepare civil case cover sheet |
| 10/06/2015 | 4 | Eric Dunn | Pleadings/Briefs | Final revisions and edits to complaint |
| 10/06/2015 | 0.4 | Eric Dunn | Case Management | Notes to-from Marie (filing instructions) |
| 09/30/2015 | 0.1 | Eric Dunn | Client Form | Client letter |
| 09/30/2015 | 0.8 | Eric Dunn | Client | Clients in office |
| 09/30/2015 | 0.8 | Eric Dunn | Client Form | Prepared statement of facts |
| 09/29/2015 | 4.5 | Eric Dunn | Pleadings/Briefs | Finished drafting complaint |
| 09/28/2015 | 1 | Eric Dunn | Legal Research | Reviewing FCRA provisions |
| 09/28/2015 | 5 | Eric Dunn | Pleadings/Briefs | Drafting complaint |

| 09/25/2015 | 1.3 | Eric Dunn | Pleadings/Briefs | Writing complaint |
| 08/18/2015 | 1.3 | Eric Dunn | Opposing Party/Counsel | dispute letter to On-Site |
| 08/18/2015 | 0.1 | Eric Dunn | Case Management | Note to Marie N |

**Exhibit B**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

|  |  |
|---|---|
| Glenn Thompson Jr. and Glenn Thompson Sr. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:15-cv-01596-TSZ |
| On-Site Manager, Inc. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ray Klein, Inc
c/o Jane Hardin, Agent

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

All documents related to any accounts pertaining to Glenn Thompson, Jr.

| Place: Northwest Justice Project 500 W. 8th Street, Ste. 275, Vancouver, WA 98660 | Date and Time: 07/01/2016 9:45 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/11/2016

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*               *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Glenn Thompson Jr
Eric Dunn WSBA #36622; 401 - 2nd Ave S, Ste 407, Seattle, WA 98104 , who issues or requests this subpoena, are:
EricD@nwjustice.org -- (206) 464-1519

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:15-cv-01596-TSZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).