HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLEN THOMPSON, JR. and GLEN THOMPSON, SR.,

    Plaintiffs,

vs.

ON-SITE MANAGER, INC.

    Defendant.

NO. 2:15-cv-01596-TSZ

ON-SITE MANAGER, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Noted for Consideration: June 17, 2016

## RELIEF REQUESTED AND INTRODUCTION

Defendant On-Site Manager, Inc. ("On-Site") respectfully requests that this Court issue an Order denying Plaintiffs' Motion to Compel.

First and foremost, Plaintiffs failed to meet and confer, in good faith, regarding On-Site's supplemental response. Counsel for Plaintiffs and On-Site met and conferred on March 23, 2016 regarding numerous discovery responses that On-Site had provided to Plaintiffs. On-Site agreed to and did supplement the responses that Plaintiffs requested be supplemented- all except for On-Site's response to Interrogatory No. 13. During the meet and confer, Counsel for On-Site indicated that the request was not reasonably limited in scope to any subject matter relevant to this case, including reinvestigations conducted by On-Site or even reinvestigations conducted

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION TO PLAITNIFFS' MOTION TO COMPEL - 1
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  where information was ultimately found to be incorrect. On-Site's supplemental response
2  reflects this concern. Essentially, Plaintiffs refused to limit the scope of the interrogatory to
3  anything reasonably tailored, like reinvestigations. Instead, Plaintiffs seek every report that On-
4  Site has conducted for every residential complex in the entire state of Washington for the last
5  three years. This seems particularly disproportionate when also considering that Plaintiffs have
6  failed to provide evidence of any actual damages, which limits the value of this matter
7  substantially.

8  On-Site subsequently revised its objection to Interrogatory No. 13, suggesting that it was
9  still not tailored to any matter relevant to this case and indicating that if Plaintiffs were to narrow
10 the scope, On-Site would recover its response. Then, on May 25, 2016 and May 26, 2016,
11 Counsel for Plaintiffs and On-Site conducted a 2.5 hour meet and confer on various discovery
12 issues related to this case and another matter. During this 2.5 hour meet and confer, Plaintiffs
13 counsel never attempted to discuss the supplemental response or potentially narrowing the scope
14 of Interrogatory No. 13. Simply stated, Plaintiffs' counsel failed to meet and confer in good faith
15 on this issue and this issue may not be properly before this Court per the Federal Rules of Civil
16 Procedure.

17 Nevertheless, Plaintiffs' discovery request constitutes an overbroad fishing expedition
18 that is not reasonably tailored to the needs of this matter or any issue related to Plaintiffs' claims
19 or On-Site's defenses. Plaintiffs' request seeks all rental reports that On-Site has prepared for all
20 residential complexes for the last three years for all of Washington State. It is not limited to the
21 Plaintiffs, On-Site's reinvestigations, other instances of eviction action reports, or even other
22 requests for rental reports by applicants or instances where reinvestigations revealed incorrect
23 information on a rental report. The scope of Plaintiffs' discovery request is particularly
24 overbroad and unduly burdensome because Plaintiffs' have failed to provide evidence of any
25 actual damages, thus limiting the value of this case to statutory damages available under the

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 2
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

FCRA and WFCRA.[1]  Simply stated, Interrogatory No. 13, as stated, is outside the bounds of appropriate, proportional discovery under the Federal Rules and is only meant to harass On-Site and operate as an unnecessary fishing expedition into On-Site's business.

On-Site is seeking its fees and costs associated with responding to this Motion pursuant to Federal Rule of Civil Procedure 37.

I. **RELEVANT FACTS AND DISCOVERY RESPONSE AT ISSUE**

Plaintiffs' filed this lawsuit against On-Site claiming that On-Site violated the Fair Credit Reporting Act, Washington Fair Credit Reporting Act, and Washington Consumer Protection Act.  Specifically, Plaintiffs contend: (1) that On-Site reported inaccurate information about Plaintiffs in their rental reports, (2) that On-Site failed to utilize proper procedures during the re-investigation of the Plaintiffs' rental reports, and (3) that On-Site failed to respond to the Plaintiffs' request for re-investigation within the prescribed time.  Plaintiffs contend that On-Site's alleged actions prevented them from obtaining housing at The Lodge at Peasley Canyon or Club Palisades.

On January 25, 2016, Plaintiffs propounded discovery, including interrogatories.  The Interrogatory at issue in this Motion is Interrogatory No. 13:

> **INTERROGATORY NO. 13:** Please state the number of consumer reports you prepared and transmitted to any person or entity in connection with an application for the leasing of residential real property in Washington State for each the calendar years 2014, 2015, and 2016.[2]

Initially, On-Site objected to this request on various grounds including seeking information and documentation not relevant to Plaintiffs, their claims, or this action and were not calculated to lead to the discovery of admissible evidence.  On-Site also objected to the request as vague and ambiguous with regard to specific phrases within the request.

---

[1] Declaration of Elizabeth K. Morrison (Morrison Decl.) ¶4.
[2] Declaration of Elizabeth K. Morrison (Morrison Decl. ) ¶3.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 3
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

    **ANSWER:** Defendant objects to this Request on the grounds that it is vague and ambiguous in seeking reports to "any person or entity" "in connection with an application" "for leasing residential property" in calendar years 2014-2016.  Defendant also objects on the grounds that this request is over broad, unduly burdensome, and clearly seeking information and documentation that is not relevant to Plaintiffs, their claims, or this action and not calculated to lead to the discovery of admissible evidence.[3]

The parties conducted a meet and confer regarding On-Site's discovery responses on March 23, 2016.  During the meet and confer, Counsel for the parties discussed On-Site's responses and objections to various discovery requests and On-Site agreed to and did supplement all responses that the parties discussed, except for Interrogatory No. 13.[4]  With regard to Interrogatory No. 13, On-Site's counsel indicated that the information that the request was seeking was proprietary and that the request seemed overbroad in that it did not appear to be limited or even tangentially relevant to any issues in litigation.[5]  Plaintiffs' counsel responded that it went towards the "public interest" element of their CPA claim.[6]  On-Site's counsel disagreed.[7]  Plaintiffs' did not attempt to revise the scope of this response or further discuss potentially limiting the scope of the request with On-Site.[8]

On April 6, 2016, On-Site provided the following supplemental response to Interrogatory No. 13:

    **SUPPLEMENTAL RESPONSE:** On-Site continues to object to this request.  During the parties meet and confer, On-Site inquired regarding the relevance the number of consumer reports issued by On-Site since 2014 to Plaintiffs' claims.  Counsel for Plaintiffs stated that this request was relevant to public interest under its Washington Consumer Protection Act claim.  However, the total number of consumer reports sent by On-Site in Washington State since 2014 is not relevant to Plaintiffs' claims in this matter and does not pertain to any element of Plaintiffs' claims and equates to a fishing expedition.  If Plaintiffs can identify why the total number of reports sent by On-Site going back to 2014 is relevant to

---

[3] *Id.*
[4] Morrison Decl. ¶3.
[5] Morrison Decl. ¶3.
[6] *Id.*
[7] Morrison Decl. ¶3.
[8] *Id.*

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 4
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

the Thompson's allegedly inaccurate report, On-Site may reconsider its response.[9]

On May 25, 2016, counsel for the parties conducted a meet and confer regarding the Plaintiffs' responses to On-Site's discovery requests as well as other discovery issues.[10] The conference lasted approximately two-hours before the electricity went out across downtown Seattle.[11] Counsel reconvened on May 26, 2016 and continued to discuss the discovery requests at issue as well as other discovery issues in this matter.[12] At no point did over the two day, two-and-a-half-hour meet and confer did Plaintiffs' counsel attempt to discuss potentially narrowing the scope of Interrogatory No. 13, despite On-Site's supplemental response indicating a willingness to response to a more narrowed request.[13]

## II.   ISSUE PRESENTED

Discovery regarding any non-privileged matter must be relevant to any party's claim or defense and be proportional to the needs of the case.  Plaintiffs' request seeks information regarding all reports issued in Washington since 2014; it is not limited to Plaintiffs, their claims, or On-Site's defenses.  Is Plaintiffs' request relevant and proportional to the needs in this case?

## III.   EVIDENCE RELIED UPON

On-Site relies upon the Declaration of Elizabeth K. Morrison in Support of On-Site manager, Inc.'s Response in Opposition to Plaintiffs' Motion to Compel and all attachments thereto, as well as all documents on file with the Court in this matter.

## IV.   ARGUMENT AND AUTHORITY

**A.   The Plaintiffs Failed To Meet And Confer Regarding On-Site's Supplemental Response And This Issue May Not Properly Be Before This Court**

---

[9] Morrison Decl. ¶3.
[10] Morrison Decl. ¶5.
[11] Id.
[12] Id.
[13] Id.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION TO PLAITNIFFS' MOTION TO COMPEL - 5
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  Motions to compel are improper and must be denied where the parties have not first met
2  and conferred, in good faith, to resolve the dispute.[14]  Counsel for the parties met and conferred
3  on March 23, 2016 to discuss On-Site's initial responses to Plaintiffs' discovery requests.
4  During the meet and confer, On-Site agreed to supplement its responses to all the requests
5  discussed by the parties, except for Interrogatory No. 13.  With regard to Interrogatory No. 13,
6  On-Site's counsel raised concerns regarding its overbroad nature and the fact that it was not
7  limited to any issue being litigated in this matter.  Despite these concerns, Plaintiffs' counsel
8  made no attempt to discuss potentially limiting the scope of the request.  On April 6, 2016, On-
9  Site provided its supplemental responses to Interrogatory No. 13, reiterating concerns regarding
10 the overbroad nature of this request and it not being limited to issues being litigated.  Plaintiffs
11 still did not make any attempt to discuss limiting the scope of their request.  Moreover, Counsel
12 for the Parties engaged in a two-day, two-and-a-half-hour meet and confer regarding various
13 discovery issues in this case.  At no point did Plaintiffs attempt to discuss limiting the scope of
14 this request or attempt to discuss it in any meaningful manner, despite On-Site's supplemental
15 response indicating a willingness to respond to a more narrowed request. Counsel for Plaintiffs
16 failed to meet and confer in good faith on this issue and this dispute is not properly before this
17 Court.

    **B.    Legal Standard**

19  The recent amendments to the Federal Rules of Civil Procedure took effect on December
20 1, 2015 and govern "insofar as just and practicable, all proceedings then pending."[15]  Amended
21 Federal Rule of Civil Procedure (FRCP) 26 permits

> discovery regarding any non-privileged matter that is relevant to
> any party's claim or defense and proportional to the needs of the

---

[14] *EEOC v. Global* Horizons, 287 F.R.D. 644, 649 (E. D. Wash. 2012) ("a motion to compel will not be heard unless the parties have conferred and attempted to resolve their differences"); *see also Lateef v. Jackson*, 2009 U.S. Dist. LEXIS 19031 (D.C. Cal. 2009); *James N. Pappas & Sons, Inc. v. McDonald's Corp.*, 21 FR Serv. 2d 773 (DC Dist. Col. 1976); *Haselhorst v. Wal-Mart Stores*, 163 FRD 10 (DC Kan. 1995).
[15] Order of April 29, 2015 regarding amendments.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 6
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

In his 2015 year end report, Chief Justice John Roberts discussed the amended rules. Chief Justice Roberts emphasized that it is necessary to impose "reasonable limitations on discovery through increased reliance on the common-sense concept of proportionality…"[16] He emphasized that a fundamental principle under the amended rule is that "lawyers must size and shape their discovery request to the requisites of the case."[17] The Court may limit discovery if it determines that the discovery is outside the scope of FRCP 26.[18]

### C.   Interrogatory No. 13

Plaintiffs' claims in this matter are discrete and can be summarized as follows: (1) that On-Site allegedly failed to conduct a reasonable re-investigation into the Plaintiffs' dispute; (2) that On-Site allegedly failed to follow-up with Plaintiffs regarding the results of the re-investigation; and (3) that On-Site allegedly failed to follow reasonable procedures in reporting information on Plaintiffs. Plaintiffs have not provided any evidence of actual damages incurred.[19]

Interrogatory No. 13 seeks "the number of consumer reports [On-Site] prepared and transmitted to any person or entity in connection with an application for the leasing of residential real property in Washington State for each of the calendar years 2014, 2015, and 2016."[20] The request does not identify what it considers an "application for the leasing of residential property." It is not related to On-Site's reinvestigation procedures, On-Site's interaction with the

---

[16] Chief Justice John Roberts, 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015) available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.
[17] *Id.* at 7.
[18] FRCP 26(c).
[19] On-Site propounded discovery in an attempt to gather more information regarding Plaintiffs' claimed damages; Plaintiffs failed to provide any information or documentation in response. This matter is the subject of On-Site's pending Motion to Compel. *See* Dkt. #19, 20; *see also* Morrison Decl. ¶4.
[20] Morrison Decl. ¶3.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION TO PLAITNIFFS' MOTION TO COMPEL - 7
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Plaintiffs, or On-Site's procedures in general. Interrogatory No. 13 is not limited to the Plaintiffs or Plaintiffs' claimed damages. It is not limited to the number of unlawful detainer or eviction lawsuits that On-Site reports on rental reports. It is not limited to the number of reinvestigations that On-Site conducts, how many reinvestigations reveal incorrect information in rental reports, or even how many claims On-Site receives related to incorrect information in rental reports. Instead, it is a blanket request for all reports that On-Site has run for the last three years, for every residential complex, in the entire state of Washington. This is particularly overbroad in light of the fact that Plaintiffs have no actual damages and are thus limited to statutory damages. Statutory damages under the FCRA are between $100 and $1,000. Damages under the WFCRA are up to $1,000 for each alleged violation under the WFCRA. Plaintiffs are alleging three violations.

During the meet and confer, Plaintiffs' counsel asserted that the information sought in Interrogatory No. 13 was relevant to the "public interest" element of their CPA claim. But, this appears to be disingenuous. First, it is common knowledge that the public interest element of a CPA claim can be satisfied by "showing that a statute has been violated which contains a specific legislative declaration of public interest impact."[21] Indeed, in a matter also being handled by Plaintiffs' counsel,[22] the Washington Court of Appeals Division I held that the Washington Fair Credit Reporting Act was such a statute.[23] Indeed, the WFCRA statute itself contains a legislative finding "that the practices covered by this chapter are matters vitally affecting the public interest for the purposes of applying the consumer protection act, chapter 19.86 RCW."[24]

Accordingly, the total number of reports that On-Site prepared, across the entire state of Washington, going back to 2014 has no bearing on the "public interest" element of Plaintiffs'

---

[21] *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 791, 719 P.2d 531 (1986
[22] Notably, the only two times On-Site has been sued in the State of Washington are both being handled by Mr. Dunn.
[23] *Handlin v. On-Site Manager, Inc.*, 187 Wn. App. 841, 848, 351 P.3d 226 (May 26, 2015).
[24] Wash. Rev. Code (RCW) 19.182.150.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 8
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

CPA claim. Further, Plaintiffs do not claim or even attempt to argue that the information sought in Interrogatory No. 13 is necessary for resolving the issues in this litigation or for determining Plaintiffs' damages. Rather, Interrogatory No. 13 appears to be a fishing expedition and is not specifically tailored to discovery relevant information. Plaintiffs instead embark on a fishing expedition, seeking a broad and undefined category of information that bears no relation to the cause of action alleged in their complaint. Requiring On-Site to produce this information, when it is not related to any claim at issue in this matter and is not proportional to the needs of this case, is unnecessarily burdensome. If anything, Interrogatory No. 13 should be limited in scope to the number of reinvestigations or the number of re-investigations where inaccurate information was reported.

### D. On-Site Is Entitled To Fees And Costs For Responding To Plaintiffs' Motion to Compel.

If denied, Courts must require the movant, the attorneys filing the discovery motion, or both to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorneys' fees.[25] Fees are not mandated if there is substantial justification.[26]

Here, Plaintiffs' counsel failed to meet and confer in good faith regarding Interrogatory No. 13, despite participating in a two-and-a-half hour meet and confer the day the motion was filed. On-Site requested that Plaintiffs' limit the scope of Interrogatory No. 13 to an issue relevant to those being litigated in this matter, like the number of reinvestigations done by On-Site, or the number of requests for re-investigation that resulted in incorrect information being reported. Plaintiffs' refused to discuss or even attempt to discuss this possibility, despite On-Site's supplemental response indicating a willingness to respond to a more narrowed, proportional request. Thus, this issue may not properly be before the Court. Plaintiffs' motion also fails to include the required certification pursuant to FRCP 37(a)(1).

---

[25] FRCP 37.
[26] FRCP 37.

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 9
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Nevertheless, Plaintiffs' Interrogatory is not specifically tailored to the issues in this litigation. It is not related to On-Site's practices, procedures, interactions with Plaintiff, or its reinvestigation related to Plaintiffs' information. It is not proportional to the needs or issues in this litigation, as defined by FRCP 26(b), particularly given the limited statutory value of Plaintiffs' claims. Accordingly, Plaintiffs' motion should be denied and On-Site should be granted its fees and costs incurred in opposing the motion. On-Site will provide an accounting of its fees and costs to the Court, if so awarded.

### V. CONCLUSION

Plaintiffs' discovery dispute is not properly before this Court because the parties did not meet and confer, in good faith, regarding Interrogatory No. 13. Despite engaging in a two-and-a-half hour meet and confer and On-Site's indication that it would respond to a proportional, narrowed request, Plaintiffs never attempted to discus narrowing Interrogatory No. 13 to an issue even tangentially related to any being litigated in this matter. Instead, Plaintiffs filed this motion, presumably in retaliation to indications that On-Site was planning to file a motion to compel responses from Plaintiffs.

Nevertheless, Interrogatory No. 13 is not proper within the limits placed on discovery by FRCP 26. It is not proportional to the needs of this case, particularly given the very limited monetary value of this case. It is not related to the issues or claims raised by Plaintiffs in their complaint. It is not related to how many reinvestigations that On-Site has conducted, On-Site's follow-up procedures, or On-Site's reinvestigation procedures. It is not even limited to the Plaintiffs, the number of claims of incorrect information On-Site receives or responds to, or even the number of eviction lawsuits that On-Site reports. Plaintiffs' do not assert that the information sought in Interrogatory No. 13 is necessary for resolving any dispute in this litigation or that it is necessary for determining damages. This is because the total number of reports that On-Site has prepared, for all residential communities, across the State of Washington, for the past three years,

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION
TO PLAITNIFFS' MOTION TO COMPEL
- 10
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

is not even tangentially relevant to Plaintiffs' claims. Requiring On-Site to respond is unnecessarily burdensome and outside the common-sense definition of proportionality, as described by Chief Justice John Roberts. Plaintiffs' Motion to Compel should thus be denied.

Dated: June 13, 2016.                                      GORDON & REES LLP

                                                                                                               By:   */s/Jeffrey E. Bilanko*
                                                                                                                Jeffrey E. Bilanko, WSBA # 38829

                                                                                                                */s/Elizabeth K. Morrison*
                                                                                                                Elizabeth K. Morrison, WSBA #43042
Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
jbilanko@gordonrees.com
emorrison@gordonrees.com
Attorneys for Defendant

ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION TO PLAITNIFFS' MOTION TO COMPEL - 11
(2:15-CV-01596-TSZ)

GORDON & REES LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Plaintiff**:
Eric Dunn
Allyson O'Malley-Jones
Leticia Camacho
Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, WA 98104
Tel.: (206) 464-1519
Fax: (206) 624-7501

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: EricD@nwjustice.org
　　　　　leticiac@nwjustice.org

Dated this 13th day of June 2016.

/s/ Stephanie M. Hosey
Stephanie M. Hosey, Legal Secretary

CERTIFICATE OF SERVICE - ON-SITE MANAGER INC.'S RESPONSE IN OPPOSITION TO PLAITNIFFS' MOTION TO COMPEL
- 1
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1112847/28263145v3