HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN THOMPSON, JR. and GLEN THOMPSON, SR., <br><br> Plaintiffs, <br><br> vs. <br><br> ON-SITE MANAGER, INC. <br><br> Defendant. | NO.  2:15-cv-01596-TSZ <br><br> **ON-SITE MANAGER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY** <br><br> Noted for Consideration: June 17, 2016 |

ON-SITE MANAGER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## Introduction

This lawsuit arises out of Plaintiffs Glen Thompson, Jr. and Glen Thompson Sr. (collectively, "Plaintiffs") assertion that they were denied housing based on an unlawful detainer action contained in their rental reports. Plaintiffs claim that this violated the Fair Credit Reporting Act ("FCRA"), Washington Fair Credit Reporting Act ("WFCRA"), and Washington Consumer Protection Act ("WCPA"). The WCPA requires actual damages to maintain a claim. Further, under the Supreme Court's recent ruling in *Spokeo, Inc. v. Robin*, actual damages are also required to maintain Plaintiffs' Fair Credit Reporting Act claims.

The evidence to date suggests that Plaintiffs were denied housing because of their poor finances and outstanding debts, not because of the unlawful detainer action. Defendant On-Site Manager, Inc. ("On-Site") filed its Motion to Compel in order to get information that it requested in discovery related to Plaintiffs' claimed damages and their finances. On-Site is entitled to explore Plaintiffs' finances because that is why they were denied housing. On-Site is entitled to explore Plaintiffs' claimed damages because it is a necessary element to maintain their claims. Plaintiffs failed to provide any substantive responses to On-Site's written requests for this information and failed to provide any substantive justification for their failure to provide this pertinent information, even in response to On-Site's Motion to Compel.

Plaintiffs are not claiming that they do not have information related to their claimed damages or their finances or that they are unable to obtain it. Instead, Plaintiffs claim that the information would be too burdensome to produce and that it is not relevant. It is undeniable that Plaintiffs have the legal right and authority to obtain documents related to their own finances and damages, which means that the documents are within their control and federal law requires Plaintiffs to produce them.

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 1
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## Argument

**A. Plaintiffs' Failed To Provide Substantive Responses To On-Site's Discovery And Their Supplemental Responses Do Not Alleviate The Need For This Motion.**

Plaintiffs' recitation of the facts is misleading. Defendant On-Site expressed dissatisfaction with the vast majority of Plaintiffs' discovery responses.[1] Each of these was discussed during the meet and confer, to which Plaintiffs merely continued to assert that it was "too burdensome" for Plaintiffs to respond to these requests or that they were "irrelevant."[2] Plaintiffs agreed to follow-up with regard to a very limited number of requests, none of which are the subject of On-Site's Motion to Compel.[3] Indeed, Plaintiffs' supplemental discovery responses still fail to provide information regarding their claimed damages, efforts to mitigate their damages, or their finances.

With regard to Thompson Jr.'s responses to Request for Production Nos. 14 and 28 and Thompson Sr.'s responses to Requests for Production Nos. 14 and 30, which request documents supporting Plaintiffs' claim for actual damages and their efforts to mitigate their damages, Plaintiffs failed to provide any substantive information or documentation with regard to (1) what efforts Plaintiffs' made to mitigate their damages or (2) what their actual claimed damages are. Plaintiffs are not claiming that they do not have or are not able to obtain information and documentation regarding their claimed damages or their finances. Instead, Plaintiffs claim that it would be an inconvenience.

Plaintiffs' finances are particularly relevant to this litigation. Plaintiffs are claiming that they were denied housing at two apartment complexes because of an unlawful detainer action attributed to Patricia Thompson. The Plaintiffs' rental reports and Adverse Action Notices sent to them by the apartment complexes suggest that they were actually denied housing because they

---

[1] Declaration of Elizabeth K. Morrison In Support of Defendant's Reply ("Morrison Decl.") ¶3, Ex. A.
[2] *See* Doc. #20, Declaration of Elizabeth K. Morrison in Support of On-Site Manager, Inc.'s Motion to Compel Discovery, at ¶4.
[3] Morrison Decl. ¶4, Ex. B.

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 2
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

failed to meet the financial profile required by the apartment complexes.[4]  Accordingly, Plaintiffs either need to stipulate that they were denied housing at the complexes because of their poor finances, or On-Site is entitled to explore this avenue of inquiry in order to prepare a defense for trial.

Similarly, Plaintiffs are asserting WCPA claims, which require actual damages.  Similarly, actual damages are required for Article III standing in order to bring claims generally.  On-Site is entitled to inquire about Plaintiffs' claimed damages and how On-Site's alleged actions caused these damages.  Plaintiffs cannot simply file a lawsuit and then sit idle during discovery because they think producing documents related to their damages is inconvenient or burdensome.  Plaintiffs need to either produce responsive documents showing actual damages caused by On-Site's alleged actions, or state that they have no such documents.

Accordingly, Plaintiffs should be compelled to provide substantive responses to requests regarding Plaintiffs' efforts to mitigate their damages[5] and requests regarding Plaintiffs' claimed damages.[6]

### B. Plaintiffs Have Control Over The Documents Requested And Must Produce Them

Pursuant to FRCP 34, any party may serve on any other party a request to produce any designated documents that are in the possession, custody or control of the party to whom the request is served.[7]  "Control" is defined as the legal right to obtain documents upon demand.[8]

---

[4] Morrison Decl. ¶5, Ex. C and D.
[5] Glen Thompson Jr.: Request for Production No. 14; Glen Thompson Sr.: Request for Production No. 14.
[6] Glen Thompson Jr.: Request for Production No. 28; Glen Thompson Sr.: Request for Production No. 30.
[7] *Fundukian v. United Blood Servs.*, 18 Fed. Appx. 572 (9th Cir. 2001).
[8] *United States v. International Union of Petroleum & Industrial Workers,* 870 F.2d 1450, 1452 (9th Cir. 1989); *see also Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)(control is legal right to obtain documents on demand); *United Mercantile Agencies v. Silver Fleet Motor Express, Inc.*, 1 F.R.D. 709 (D.C.K.Y. 1941)(a party may be compelled to produce documents under his control even without actually having possession of them); *Poole v. Textron, Inc.*, 192 F.R.D. 494 (D.C.M.D. 2000) (control is broadly construed so that the party may be obligated to produce documents requested even though that party may not actually possess the documents); *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142 (3rd Cir. 2004)(if a party has the legal right tor ability to obtain documents from another source upon demand, that party is deemed to have control of the documents); *In re Folding Carton Antitrust Litigation,* 76 FRD 420(1977, ND Ill)(party need not have actual possession of document to be in control of them; test is whether party has legal right to control or obtain document being sought); *Haseotes v Abacab International*

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 3
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

The documents and information sought by On-Site pertain to the Plaintiffs' actual damages, their efforts to mitigate those damages, and their finances. It is indisputable that Plaintiffs have the legal right to obtain information regarding their own damages and their own finances. There is simply no basis to assert otherwise and Plaintiffs do not assert that they do not have control or a legal right to obtain this information or documentation. Plaintiffs do not assert that they do not have this information/documentation. Rather, Plaintiffs claim that it will be an inconvenience for them to produce it. In fact, during the meet and confer, Plaintiffs' counsel admitted that Plaintiffs had not even attempted to gather the requested documentation or information because it would have been "too burdensome" for Plaintiffs to do so.[9] Plaintiffs did not conduct an investigation, reasonable or otherwise. This is not acceptable.

Plaintiffs filed this lawsuit – they do not get to sit idle during discovery and refuse to provide information related to their claimed damages, their efforts to mitigate their damages, or information relevant to On-Site's defenses, particularly when damages are an element of their claims and evidence suggests that their finances are the reason they were denied housing. Plaintiffs should be compelled to provide complete, substantive responses to discovery requests regarding their finances,[10] requests regarding Plaintiffs' efforts, if any, to mitigate their damages,[11] and requests regarding Plaintiffs' claimed damages.[12] Alternatively, if no responsive documentation or information exists, Plaintiffs should be compelled to state as much.

---

*Computers, Inc.*, 120 FRD 12 (1988, DC Mass)(party has control over document if they have a legal right to obtain it); *Poole v Textron, Inc.*, 192 FRD 494 (2000, DC Md); (party has control if they have legal right or ability to obtain document from another source); *Alexander v FBI*, 194 FRD 299 (2000, DC Dist Col)(control, which is legal right to obtain documents on demand, is test as to whether production is required); *Am. Rock Salt Co. v Norfolk S. Corp.*, 228 FRD 426 (2005, WD NY); Control is defined as legal right, authority or ability to obtain documents on demand, even if in possession of another; actual possession is not required).

[9] *See* Doc. #20, Declaration of Elizabeth K. Morrison in Support of On-Site Manager, Inc.'s Motion to Compel Discovery, at ¶4.

[10] Glen Thompson Jr.: Interrogatory Nos. 1, 2, 4 and Request for Production Nos. 1-4, 16 and 20; Glen Thompson Sr. Interrogatory Nos. 1, 2, 4, 5 and Request for Production Nos. 1-5, 16, 20, 21.

[11] Glen Thompson Jr.: Request for Production No. 14; Glen Thompson Sr.: Request for Production No. 14.

[12] Glen Thompson Jr.: Request for Production No. 28; Glen Thompson Sr.: Request for Production No. 30

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 4
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

### C. Plaintiffs Failed To Respond In A Timely Manner

Plaintiffs attempt to mislead the Court by stating that they have attempted to subpoena records from Ray Klein, Inc. in an effort to respond to On-Site's discovery. However, On-Site's discovery requests were propounded back on March 17, 2016. Plaintiffs' responses were due 30-days later. Instead of attempting to conduct a reasonable investigation during the 30-day response period, Plaintiffs elected to wait until June 13, 2016, the day their response to On-Site's Motion to Compel was due, to try and get the requested information.

Rule 37(a)(5)(A) is clear that if discovery is provided after motion to compel is filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Plaintiffs elected to not produce discovery during the required time and their actions necessitated On-Site's Motion. They cannot avoid consequences by issuing a subpoena the day that their response to On-Site's Motion to Compel was due.

### Conclusion

Plaintiffs claim that they were denied housing because of an unlawful detainer action on their rental report and that this violated the FCRA, WFCRA, and WCPA. The WCPA requires actual damages to maintain a claim; actual damages are also required for Article III standing to bring a claim generally. Plaintiffs failed to provide substantive information or documentation supporting their claimed damages and efforts to mitigate their damages in response to On-Site's written discovery. Since damages are an essential element to Plaintiffs' claims, On-Site is entitled to explore this avenue of inquiry. Similarly, the evidence suggests Plaintiffs were actually denied housing because of their poor finances and outstanding debts. On-Site is entitled to explore this potential defense to Plaintiffs' claims.

Plaintiffs are not claiming that they do not have any responsive or substantive information regarding their damages or their finances. Rather, they are refusing to provide it

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 5
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1  because they think producing it would be inconvenient. This is not acceptable. Plaintiffs should
2  be compelled to provide substantive responses to discovery requests regarding their finances,[13]
3  requests regarding Plaintiffs' efforts, if any, to mitigate their damages,[14] and requests regarding
4  Plaintiffs' claimed damages.[15]

5  Because Plaintiffs' failure to respond to discovery necessitated On-Site's Motion to
6  Compel, On-Site has requested its fees and costs in bringing this Motion and re-asserts that
7  request here.

8  RESPECTFULLY SUBMITTED June 17, 2016.

GORDON & REES LLP

By: */s/ Jeffrey E. Bilanko*
Jeffrey E. Bilanko, WSBA # 38829

*/s/ Elizabeth K. Morrison*
Elizabeth K. Morrison, WSBA #43042
Gordon & Rees LLP
701 5th Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
jbilanko@gordonrees.com
emorrison@gordonrees.com
Attorneys for Defendant

---

[13] Glen Thompson Jr.: Interrogatory Nos. 1, 2, 4 and Request for Production Nos. 1-4, 16 and 20; Glen Thompson Sr. Interrogatory Nos. 1, 2, 4, 5 and Request for Production Nos. 1-5, 16, 20, 21.
[14] Glen Thompson Jr.: Request for Production No. 14; Glen Thompson Sr.: Request for Production No. 14.
[15] Glen Thompson Jr.: Request for Production No. 28; Glen Thompson Sr.: Request for Production No. 30.

ON-SITE MANAGER, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION TO COMPEL
DISCOVERY - 6
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

**Attorneys for Plaintiff**:
Eric Dunn
Allyson O'Malley-Jones
Leticia Camacho
Northwest Justice Project
401 Second Avenue S, Suite 407
Seattle, WA 98104
Tel.: (206) 464-1519
Fax: (206) 624-7501

☐ U.S. Mail Postage Prepaid
☒ CM/ECF
☐ Hand Delivery
☐ Email: EricD@nwjustice.org
         leticiac@nwjustice.org

Dated this 17th day of June 2016.

/s/ Stephanie M. Hosey
Stephanie M. Hosey, Legal Secretary

CERTIFICATE OF SERVICE - ON-SITE MANAGER, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 1
(2:15-CV-01596-TSZ)

**GORDON & REES** LLP
701 5th Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822